Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

Jacksonville Division

| | |
|---|---|
| David Adams <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br><br> City of Jacksonville Fl Jerry Holland &Kelli O'Leary <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. 3:17-cv-736-J-32JBT <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

  A. **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

  | | |
  |---|---|
  | Name | David Adams |
  | Street Address | 3444 Regatta Way |
  | City and County | Jacksonville Duval |
  | State and Zip Code | Fl 32223 |
  | Telephone Number | 904-288-9238 |
  | E-mail Address | dka3444@gmail.com |

  B. **The Defendant(s)**

  Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: Jerry Holland
- Job or Title (if known): Duval County Property Appraiser
- Street Address: 231 E Forsyth Street
- City and County: Jacksonville  Duval
- State and Zip Code: Fl  32202
- Telephone Number: 904630-2011
- E-mail Address (if known):

Defendant No. 2
- Name: Kelli O`Leary
- Job or Title (if known): Director of Employee Services
- Street Address: 117  W Duval Street Suite 100
- City and County: Jacksonville Duval
- State and Zip Code: Fl 32202
- Telephone Number: 904-630-1287
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Duval County Property Appraiser |
| Street Address | 231 East Forsyth Street |
| City and County | Jacksonville Duval |
| State and Zip Code | Fl 32202 |
| Telephone Number | 904-630-2011 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
    11-3-2015

C. I believe that defendant(s) *(check one)*:
   - ☒ is/are still committing these acts against me.
   - ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☒ age *(year of birth)* 1961  *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)* _____

E. The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See Attached

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

   A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

   3-24-2016

   B. The Equal Employment Opportunity Commission *(check one)*:

   ☐ has not issued a Notice of Right to Sue letter.

   ☒ issued a Notice of Right to Sue letter, which I received on *(date)* 4/15/2017 .

   *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

   C. Only litigants alleging age discrimination must answer this question.

   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

   ☒ 60 days or more have elapsed.
   ☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

see attached

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/26/2017

Signature of Plaintiff
Printed Name of Plaintiff   David Adams

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

III. Statement of Claim:

On November 3, 2015, City officials, namely Jerry Holland (the City of Jacksonville, Florida elected Property Appraiser) and Kelly O'Leary (Director of Employee Services Department, City of Jacksonville, Florida) violated the Age Discrimination Employment Act by terminating my 29 plus years of employment with the City of Jacksonville as a Property Appraiser as a direct result of my age.

Due to my age (54 at the time) and proximity to earning my full retirement benefits I became a target for this unmerited reduction in force layoff. Thus, I am a victim of age discrimination.

E. The facts of my case are as follows:

The City of Jacksonville, Florida, the Property Appraiser office layed me off within weeks of me being able to receive my full pension of thirty (30) years. I was given a layoff notice dated November 3, 2015 to be effective October 30, 2015 (obviously the effective date is prior to the notification layoff notice indicating this was a calculated decision). The Property Appraiser, Jerry Holland, indicated the reason for this layoff was a reduction in force, however, at the same time the Property Appraiser's Office was actively recruiting for my same position. The City opted to lay me off instead of offering me any of the vacant positions. Logically, it appears my wrongful termination/lay off is a means to disallow senior personnel from receiving their full retirement benefits and to reduce the City's pension liabilities. In the layoff notification the Property Appraiser's Office never stated that a reduction in funding or work as the reason for the layoff, as indicated in the Civil Service Rules. It clearly appears because of my age, years of service and closeness of my full pension I was let go from my Civil Service position after twenty nine (29+) plus years of government service in violation of the Age Discrimination Act.

Kelly O'Leary, the Head of the City Personnel Office was aware there was no economic reason nor reduction in work within the Property Appraiser's office, however, she elected to violate the Civil Service and Personnel Rules, for the City o f Jacksonville by terminating my employment without cause. Ms. O'Leary directly violated these rules by terminating my employment solely due to my age. Ms. O'Leary also was instrumental in violating the City's Collective Bargaining Unit rules by disallowing me the opportunity to run my time out. On numerous occasions I sought, both orally and in writing, to be placed on leave to run my time out making me eligible for my full retirement benefits. Further, Ms. O'Leary failed to notify the Union (American State County and Municipal Employees – ASCME), of this reduction in force and my layoff. This negligence is in direct violation of the City's bargaining agreements/Union contract and further shows the prejudice against seasoned aged and senior employees. It appears my lay off is a direct result of age discrimination.

Further evidence to substantiate my claim is the City of Jacksonville prepared a "Employment Separation Agreement". In this document the City attempted to negate me of my rights by preparing a document which reads (in part) "Adams waives and releases the City from any claims, demands, damages, lawsuits, obligation, promises, administrative action, charges, and causes of action of any kind whatsoever, including . . . the Age Discrimination in Employment Act." The authoring of this document gives rise to the fact the City was knowledgeable of the violations it was committing against me as a protected age employee. The City basically offered me a small severance in exchange I was to relinquish my rights to file this Age Discrimination case.

V. Relief

Because I was wrongfully terminated, because of my age, I am seeking the maximum allowable by law. Because of the willful acts by the City of Jacksonville, FL employees this total compensation package is in excess of $300,000. I am merely seeking to be made whole. I am also seeking compensation for costs of bring forth this action. The discriminatory and prejudicial acts perpetrated against me by both Ms. O'Leary and Mr. Holland are unmeasurable. This entire incident has caused irreparable damage to my health both physically and mentally. My loss of wages, pension, benefits, insurance, cost of living adjustments, promotions, leave, holiday pay, reputation and entitlements should be as if my employment was never terminated.