**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAVID ADAMS,

    Plaintiff,

v.                                       Case No. 3:17-cv-736-J-32JBT

CITY OF JACKSONVILLE FL,
JERRY HOLLAND, and KELLI
O'LEARY,

    Defendants.

## **O R D E R**

This age discrimination case is before the Court on Defendants' Motion to Dismiss Complaint, Or in the Alternative, For More Definite Statement. (Doc. 5). Plaintiff David Adams ("Adams"), proceeding pro se, filed a complaint alleging age discrimination by the City of Jacksonville, Jerry Holland, Duval County's elected property appraiser, and Kelly O'Leary, the Director of the City's Employee Services Department (collectively "Defendants"). (Doc. 1). Defendants moved to dismiss the complaint or, alternatively, for a more definite statement, (Doc. 5), to which Adams responded, (Doc. 8).

## I. BACKGROUND[1]

On November 3, 2015, Defendants terminated Adams from his civil service position as a property appraiser for the City. (Doc. 1 at 7). At the time of his termination, Adams was fifty-four years old, had worked for the City for twenty-nine years, and was "within weeks" of receiving a full pension for thirty years of service. (Doc. 1 at 7–8). Adams was told that his position in the Property Appraiser's Office ("PAO") was being filled by a more senior member, Kurt Kraft. (Doc. 1-1 at 2). Kraft, who is older than Adams, was "reverting back" from his appointed position within the PAO into Adams's then held civil service position. (Doc. 1-1 at 2). Although City officials told Adams that Kraft's reversion and Adam's lay-off were due to a reduction in force, the PAO's office subsequently hired four individuals who were less than forty years old. (Doc. 1-1 at 2).

Prior to initiating this lawsuit, Adams filed a grievance with the Duval County Civil Service Board ("CSB") alleging failure to follow City and County rules, (see Doc. 5-1), and he filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC").[2] (Doc. 1-1 at 2–4).

---

[1] The facts are taken from the Complaint and the attachments thereto and are accepted as true for the purpose of determining whether Adams sufficiently stated a plausible claim for age discrimination. Starship Enters. of Atlanta, Inc. v. Coweta Cty., Ga., 708 F.3d 1243, 1252 (11th Cir. 2013).

[2] The Charge and Notice were collectively attached to the complaint as

More than a year after filing the Charge, the EEOC provided Adams with a Dismissal and Notice of Rights form ("Notice"), stating that the EEOC is closing its file and that Adams has the right to file suit within ninety days of receiving the Notice. (Doc. 1-1 at 1). Less than ninety days later, Adams filed this action, alleging that Defendants discriminated against him in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634. (Doc. 1 at 3).

## II.     STANDARD OF REVIEW

A complaint need not contain detailed factual allegations of alleged discrimination, see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), so long as it pleads enough facts to allow the court to draw a reasonable inference that the defendant committed the alleged misconduct. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "At the motion-to-dismiss stage, . . . the facts derived from a complaint's exhibits [are] part of the plaintiff's basic factual averments." F.T.C. v. AbbVie Prod. LLC, 713 F.3d 54, 63 (11th Cir. 2013). Specific facts within exhibits override more generalized or conclusory statements in the complaint. Id. Pro se complaints are liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007).

---

exhibit A.

3

## III. ANALYSIS

Defendants seek dismissal of the complaint because Adams pled no facts showing discriminatory intent, Kraft was older than Adams, Adams failed to allege he applied for another civil service position within the City, and Adams failed to rebut the City's nondiscriminatory reason for Adams's termination. (Doc. 5 at 4, 7–8). Defendants also ask the Court to take judicial notice of the CSB's Grievance Order, which decided whether Adams's termination and the PAO's reduction in force were "done correctly under the provisions of the Jacksonville Municipal Charter, the Ordinance Code of the City of Jacksonville, and the Civil Service and Personnel Rules and Regulations of the City[.]" (Doc. 5-1 at 3).

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623 (2012). Age discrimination claims based on circumstantial evidence follow the burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Liebman v. Metro. Life Ins. Co., 808 F.3d 1294, 1298 (11th Cir. 2015). Under this framework, the plaintiff must create an inference of discrimination via his prima facie case, which then creates a rebuttable presumption of discrimination. Id.

In a standard age discrimination case, a plaintiff demonstrates a prima facie case by showing: (1) he was a member of the protected class; (2) he was subject to an adverse employment action; (3) a substantially younger person filled the discharged plaintiff's position; and (4) he was qualified to do the job from which he was discharged. Liebman, 808 F.3d at 1298. In a reduction-in-force case, the elements of a prima facie case are slightly altered, requiring factual allegations:

> (1) demonstrating that he was in a protected age group and was adversely affected by an employment decision; (2) showing he was qualified for his former position or another position at the time he was adversely affected; and (3) producing circumstantial or direct evidence from which a reasonable factfinder could conclude that his employer intended to discriminate on the basis of age in reaching the decision at issue.

Diehl v. Bank of Am., N.A., 470 F. App'x 771, 775 (11th Cir. 2012) (quotations omitted) (quoting Maddow v. Procter & Gamble Co., 107 F.3d 846, 851 (11th Cir. 1997)); Jameson v. Arrow Co., 75 F.3d 1528, 1531–32 (11th Cir. 1996). The Eleventh Circuit has generally "eschewed an overly strict formulation of the elements of a prima facie case, particularly in age discrimination cases." Jameson, 75 F.3d at 1531.

Once a plaintiff has made a prima facie case creating a rebuttable presumption of discrimination, the employer can rebut that presumption by stating legitimate non-discriminatory reasons for its action. Liebman, 808 F.3d at 1298. If the employer does so, "the burden shifts back to the plaintiff to

5

produce evidence that the employer's proffered reasons are a pretext for discrimination." Id. However, the McDonnell Douglas burden-shifting framework is an evidentiary standard, thus the complaint need not allege sufficient facts to make out the prima facie case. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)); Castillo v. Allegro Resort Mktg., 603 F. App'x 913, 917 (11th Cir. 2015) ("That burden-shifting analysis is an evidentiary standard, not a pleading requirement, and thus it applies only to summary judgment motions and beyond.").

Here, Adams's complaint, with the attached Charge and Notice pleads sufficient factual allegations setting out a plausible age discrimination claim. See Twombly, 550 U.S. at 555; Surtain, 789 F.3d at 1246; (Doc. 1 at 7–9; Doc. 1-1 at 2-3). Defendant's contentions regarding the insufficiency of Adams's complaint apply the wrong standard, or seek to apply the correct standard at the wrong stage of the litigation. See Pardus, 551 U.S. at 94; Surtain, 789 F.3d at 1246 (stating that a complaint need not allege a prima facie case under the McDonnell Douglas framework in order to survive a motion to dismiss); (Doc. 5 at 4, 7–8). Although not required, Adams's complaint goes beyond the required pleading standard and states a prima facie case: (1) Adams was fifty-four years old at the time of his termination, (Doc. 1); (2) he had been employed for twenty-nine years, Liebman, 808 F.3d at 1299 ("[I]f a plaintiff has enjoyed a long tenure

6

at a certain position, we can infer that he or she is qualified to hold that particular position."); (Doc. 1); and (3) the City forced Kraft to revert into Adams's position, claiming a reduction-in-force, but then hired four new individuals who were all under the age of forty, (Doc. 1-1 at 2–3). Thus the complaint states a plausible claim for age discrimination.

Additionally, a more definite statement is unnecessary because Defendants can reasonably prepare a response. See Fed. R. Civ. P. 12(e); (Doc. 5 at 8).

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion to Dismiss Complaint, Or in the Alternative, For More Definite Statement, (Doc. 5), is **DENIED**.

2. Not later than **January 26, 2018**, Defendants shall file an Answer.

3. Not later than **January 26, 2018**, the parties shall file a joint Case Management Report ("CMR"). A CMR form is attached to this order.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of January, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

7

jb
Attachments:

CMR Form

Copies to:

Counsel of record