IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID ADAMS,

      Plaintiff,

      v.                                CASE NO.   3:17-cv-736-J-32JBT

CITY OF JACKSONVILLE, JERRY
HOLLAND, AND KELLI O'LEARY,

      Defendants.
_____/

### **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, City of Jacksonville, Jerry Holland and Kelli O'Leary, hereby answer and defend the Complaint for Employment Discrimination (Doc. 1) in the above-entitled action and, in response to the non-numbered paragraphs approximately as they appear in the complaint, state and allege as follows:

1.    Admitted that the Court has jurisdiction under the ADEA, but denied that the complaint states a claim for relief.  Plaintiff's employment was not "terminated."

2.    Under "Statement of Claim," denied that Defendants violated the ADEA. Defendants did not terminate Plaintiff's employment on the basis of age.

3.    Defendants deny the "facts" as stated by Plaintiff.  Defendants admit that Plaintiff was laid off due to a reduction in force, but they deny the layoff had anything to do with Plaintiff's retirement or his age.  Plaintiff was in the *only* Civil Service Position in the Property Appraiser's Office, and thus when an (older) employee was terminated from his *appointed* position, that non-party employee exercised his reversion rights to revert to a Civil Service position.  Because Plaintiff occupied the *only* such position in the Property Appraiser's Office,

1

he was "bumped out" of his position by a more senior employee. This had nothing to do with Plaintiff's age.

Moreover, the fact that the Property Appraiser's Office hired new employees in *appointed* positions is irrelevant to the events here. Plaintiff never applied for such positions, nor did he apply for any other Civil Service position within the City.

4. The "facts" regarding Defendant O'Leary are denied in whole.

5. The "facts" regarding the "Employment Separation Agreement" are denied in whole, and are irrelevant. While the City did attempt to settle with the Plaintiff (prior to his Civil Service Board hearing) under terms that would be mutually amicable to both parties, that has nothing to do with age discrimination. The City admitted to no violations of any federal, state or local law in attempting to resolve Plaintiff's grievance under fair terms.

6. Defendants wholly deny Plaintiff is entitled to any relief under the ADEA or any other federal, state or local law.

Any and all allegations not specifically admitted herein are hereby denied.

## AFFIRMATIVE, SPECIAL AND/OR ALTERNATIVE DEFENSES

1. The complaint fails to allege sufficient ultimate facts to state a claim for relief, in that it alleges only bare conclusions of the pleader without any sort of particularity, as to how the Defendants improperly processed a reduction in force in such a way as to discriminate based on age. Defendants terminated an (non-party older) employee from an appointed position, and he exercised his rights under the Jacksonville Charter and Civil Service Rules to "revert" back to a previous Civil Service position. Plaintiff held the only Civil Service position in the Property Appraiser's Office, and thus he was "bumped out" of his position by a more senior employee. This was not a "termination" and it had nothing to do with age; the process is objective and automatic and was followed to the letter by the City.

2. Plaintiff failed to mitigate his damages. He never applied for an appointed position or another Civil Service position within the City. He simply demanded his Civil Service position back, and there was only one such position within the Property Appraiser's Office, which was being occupied by a more senior employee. Other appointed positions are irrelevant. This does not state a claim under the ADEA.

3. Defendants did not terminate or take any intentional adverse action against the Plaintiff; he was simply and unfortunately laid off due to being "bumped out" by another more senior employee. Anyone hired for other *appointed* positions is irrelevant. Moreover, retirement had nothing to do with Plaintiff's layoff; it was pursuant to the black letter process laid out by the Jacksonville Charter and Civil Service Rules. As the Civil Service Board found, the process was followed to the letter.

4. Plaintiff cannot state a claim because he did not suffer an adverse employment action because of his age.

5. Defendant O'Leary could not possibly be liable for age discrimination; she had nothing to do with any decision regarding the reduction in force or the termination of the unrelated employee from an appointed position. She simply followed the City's process.

6. Defendants reserve the right to assert other defenses or to further allege additional facts to substantiate the defenses asserted herein as discovery proceeds, or both.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**

*/s/ Craig D. Feiser*
Craig D. Feiser
Assistant General Counsel
Florida Bar No.: 164593
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: (904) 630-1700

        Facsimile:  (904) 630-1316
        cfeiser@coj.net
        Attorney for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of January 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and sent the foregoing via electronic Mail to: David Adams, 3444 Regatta Way, Jacksonville, FL 32223, dka3444@gmail.com

        */s/ Craig D. Feiser*
        Craig D. Feiser
        Assistant General Counsel