UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID ADAMS

    Plaintiff,

v.                                            Case No. 3:17-cv-736-J-32JBT

JERRY HOLLAND, as property
appraiser of Duval County, Florida
and THE CONSOLIDATED CITY
OF JACKSONVILLE,

    Defendants.

---

## **O R D E R**

On September 17, 2019, the Court granted summary judgment in favor of Defendants Jerry Holland, as property appraiser of Duval County, Florida, and The Consolidated City of Jacksonville and against Plaintiff David Adams. (Doc. 36). The Clerk entered judgment the following day. (Doc. 37). This ADEA case is now before the Court on Adams's Amended Motion for Reconsideration (Doc. 39), to which Defendants have responded (Doc. 40). On December 4, 2019, the Court held a hearing on the motion for reconsideration, the record of which is incorporated herein. (Doc. 42).

The Court took the unusual step of conducting oral argument on the motion for reconsideration because it wanted to be sure that its decision was

correct. As recognized in the Court's summary judgment order (Doc. 36 at 19-20), the circumstances which led to Adams's termination from his position with the City were unfortunate and not of Adams's own making. But the Court ultimately concluded:

> However, the issue before this Court is not whether Adams was treated fairly or whether some reasonable employment alternative could have been found. The only issue before the Court is whether Defendants discriminated against Adams based on his age, and there is no genuine issue of material fact that they did.

(Doc. 36 at 20).

Upon reconsideration, and now with the benefit of oral argument, the Court adheres to that view. It is undisputed that Adams's layoff came about because of Civil Service Rules which allowed another employee, Kurt Kraft, who was older than Adams, to "bump" Adams out of his job. As a matter of law, Adams's layoff was not age discrimination.

It is true that, subsequently, the City hired younger individuals into positions that might have gone to Adams. But Adams never applied for those positions. Thus, Adams does not have a "failure to hire" case because he was not rejected for a job he applied for in lieu of a younger individual. While Adams contends that the City should have affirmatively offered the new positions to him without requiring him to apply, he cites no authority requiring it to do so. Cf. Jameson v. Arrow Co., 75 F.3d 1528, 1532 (11th Cir. 1996) ("where a job for

which the plaintiff is qualified, and <u>for which the plaintiff applies</u>, is available at the time of termination, and the employer offers the job to an individual outside the protected age group, an inference of intentional discrimination is permissible") (emphasis added).[1]

Thus, the Court, upon reconsideration, adheres to its September 17, 2019 Order granting summary judgment. (Doc. 36).

Accordingly, it is hereby

**ORDERED:**

Plaintiff David Adams's Amended Motion for Reconsideration (Doc. 39) is **GRANTED** to the extent the Court has reconsidered its decision. However, upon reconsideration, the Court adheres to its Order granting summary judgment (Doc. 36), and Judgment (Doc. 37).

**DONE AND ORDERED** in Jacksonville, Florida the 9th day of December, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

---

[1] The Court has considered Adams's argument that at least one of the City officials involved with trying to help Adams find another Civil Service position was also involved in hiring the younger individuals into appointed positions. But Adams points to no legal duty of the City to tell Adams to apply for an appointed position, and their failure to do so is not evidence of pretext. And, he cannot be a victim of age discrimination concerning a position for which he did not apply.

sej
Copies:

Counsel of record